UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HERMAN ROBINSON, III,<br>        Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., *et al.*,<br>        Defendants.<br>_____/ | Case No.: 21-12558<br><br>Matthew F. Leitman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER GRANTING DEFENDANT EXPERIAN'S MOTION TO STRIKE
### (ECF No. 22)

Plaintiff Herman Robinson, III initiated this action on October 29, 2021, without the assistance of counsel. (ECF No. 1). This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636. (ECF No. 9). Defendant Experian Information Solutions, Inc. ("Experian") answered the Complaint with affirmative defenses on December 22, 2021. Plaintiff moved for summary judgment on December 29, 2021. (ECF No. 15). Plaintiff and Defendant LexisNexis Risk Solutions, Inc. ("LexisNexis") moved for a stipulated order withdrawing the motion for summary judgment as to LexisNexis, which was granted. (ECF No. 21). Defendant Experian then moved to strike Plaintiff's motion for summary judgment (ECF No. 22) and Plaintiff responded (ECF No. 24).

Experian argues Plaintiff's motion for summary judgment is premature and fails to follow proper procedure. (ECF No. 22, PageID.71). Plaintiff moved for summary judgment only seven days after Experian's Answer, before parties could conduct any discovery, and before LexisNexis even appeared in this matter. (*Id.* at PageID.72). Experian also highlights Plaintiff never sought concurrence from Experian before filing his motion as required by E.D. Mich. Local Rule 7.1. Experian also asserts Plaintiff ignored the requirements of Fed. R. Civ. P. 56. (*Id.*). Thus, Experian's motion should be granted and Plaintiff's motion for summary judgment should be stricken from the record. In response, Plaintiff argues Experian's motion is untimely because a motion to strike must be filed within twenty-one days of service under Fed. R. Civ. P. 12(f)(2). (ECF. No. 24, PageID.97). Experian failed to show why they cannot present facts essential to justify opposition, as required by Fed. R. Civ. P. 56(d), and that Experian has failed to show any dispute over material facts. (*Id.* at PageID.97-99). As a result, Defendant's motion should be denied, and Plaintiff is entitled to judgment as a matter of law.

Local Rule 7.1 requires any party filing a motion to seek concurrence with the non-moving party. If concurrence is not obtained, the motion must explain their efforts to obtain concurrence and how and why those efforts failed. E.D. Mich. Local Rule 7.1(a). Plaintiff disregarded Local Rule 7.1, because he failed to

signify that he sought concurrence with either defendant before moving for summary judgment.

Experian's Motion to Strike was not untimely, because parties must move to strike within twenty-one days of a pleading only if a response is not allowed. If a responsive pleading is allowed, the party may move to strike before responding to the pleading. Fed. R. Civ. P. 12(f)(2). Experian moved to strike Plaintiff's motion for summary judgment before filing any response, as permitted by Fed. R. Civ. P. 12(f)(2).

Experian did comply with Fed. R. Civ. P. 56(d), because they attached a Declaration of Experian's attorney Tamara Fraser, who declared under the penalty of perjury that Experian needs time to obtain discovery on what "disputed information" means, alleged inaccurate reports, and Plaintiff's damages. (ECF No. 22, PageID.92). Fed. R. Civ. P. 56(d) requires the nonmovant to show by affidavit or declaration, for specified reasons, why it cannot present facts essential to justify its opposition. Experian did just that here.

Moreover, Plaintiff's motion for summary judgment was premature, as it was filed before the parties could meet for a scheduling conference, conduct discovery, and before Defendant LexisNexis even appeared. "A court may rule on a motion for summary judgment only after the nonmoving party has had 'adequate time for discovery.'" *E. Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hosp.*

3

*Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The seven days between Experian's answer and Plaintiff's motion for summary judgment was not adequate time for discovery. Plaintiff may consider moving for summary judgment after the parties have been able to conduct some discovery.

For these reasons, Defendant's Motion to Strike (ECF No. 22) is **GRANTED** and Plaintiff's Motion for Summary Judgment (ECF No. 15) is **STRICKEN**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 4, 2022                                     s/Curtis Ivy, Jr.
                                                        Curtis Ivy, Jr.
                                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 4, 2022, by electronic means and/or ordinary mail.

                                               s/Kristen MacKay
                                               Case Manager
                                               (810) 341-7850